**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARIANITA VICTORIA SAENZ,

Plaintiff,

v. No. 25-cv-338 DHU/SCY

SOCIAL SECURITY ADMINISTRATION,

Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before me on the Social Security Administration's motion to dismiss and Plaintiff Victoria Saenz's various motions for backpay. Having reviewed the motions and the relevant law, I recommend the Court grant the motion to dismiss and deny Saenz's motions for backpay.

**PROCEDURAL HISTORY**

Plaintiff Victoria Saenz, who is proceeding pro se, filed her complaint against the Social Security Administration ("SSA") on April 7, 2025, in which she alleges that on December 6, 2024, an Administrative Law Judge ("ALJ") issued a "Fully Favorable decision granting Plaintiff disability benefits," but that she has not yet received backpay. Doc. 1 ¶¶ 7-8. She therefore seeks an "[o]rder of immediate payment of all back pay." *Id.* at 3. Before the SSA's deadline ran to file its answer and the administrative record, Saenz filed an opening brief. Doc. 13. In that brief, she notes that she is receiving a monthly Supplemental Security Income ("SSI") payment, but that the SSA has still not issued retroactive backpay. *Id.* at 2. Saenz also filed a motion to compel backpay. Doc. 14. In response, the SSA explained that there is no final agency decision on payment matters and as such, it requested that the Court deny or hold in abeyance Saenz's motion while it investigates the matter. Doc. 15.

The SSA also requested an extension of time until August 6, 2025, for it to answer or otherwise respond to the complaint. Doc. 17. In explaining why it needed additional time to respond to the complaint, the SSA asserted that an ALJ found Saenz met the medical criteria for disability, but that a different agency division would determine whether she met the nonmedical requirements for payments, and if so, the amount of payments she would receive. *Id.* at 2. It further explained that Saenz had not yet satisfied all the nonmedical requirements for backpay because she failed to provide a signed verification of income and resources. *Id.* In response, Saenz argued that she "has cooperated in good faith throughout the administrative process." Doc. 20 at 1. The Court granted the extension of time without resolving the dispute over the verification. Doc. 19.

On August 6, 2025, the SSA filed a motion to dismiss, arguing that the Court should dismiss Saenz's complaint for backpay because she has not yet satisfied all the nonmedical criteria to be eligible for payment of backpay. Doc. 24. In response, Saenz argues that she has provided information regarding her income and has therefore met the nonmedical requirements. Doc. 25 (response); *see also* Doc. 26 (supplemental response); Doc. 30 (unauthorized surreply).

On October 28, 2026, the Honorable David Urias referred this matter to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 36.

## DISCUSSION

### 1. Moot Motions

As an initial matter, on September 25, 2025, Saenz filed an emergency motion to reinstate payment, asserting that, on August 31, 2025, her monthly SSI payment was suspended, which she believes was done in retaliation for filing the present lawsuit. Doc. 31. A few days

later, she filed a similar motion, noting that she had also been removed from Medicaid eligibility. Doc. 33. In response, the SSA explains that it did briefly suspend monthly payments while it was waiting for information from Saenz regarding income resources—information it warned Saenz was needed to continue her SSI payments and Medicaid coverage. Doc. 24-1 at 4, 6, 7. The SSA further advised that once it received the requested information, it reinstated Saenz's monthly payments and paid out sums for the missed months (October and November 2025). Doc. 34-1. Thus, the SSA argues that Saenz's emergency motions are moot. Saenz failed to file a reply and her time to do so has expired. *See* D.N.M. LR-Civ. 7.4(a). Given the SSA's representation that Saenz's SSI payments have resumed, and that she was paid for the missed months, I recommend the Court deny her emergency motions as moot.

Saenz also filed a motion for a status conference and request for prompt judicial action on the pending motions. Doc. 32. Given that this Proposed Findings and Recommended Disposition addresses all pending motions, I recommend the Court deny Saenz's motion as moot.

**2. Motions for Back Pay and Motion to Dismiss**

In her complaint, Saenz seeks an order of immediate payment by the SSA of backpay.[1] Doc. 1 at 3. The SSA construes this complaint as a request for a writ of mandamus, Doc. 24, which Saenz does not dispute. *See* Doc. 25 at 3 & Doc. 26 at 1 (Saenz's briefing, asserting that the complaint meets the legal standard for mandamus); *see also* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). "To issue a writ of mandamus, three conditions must be met: (1) the petitioner 'must

[1] She also requests an increase in her monthly benefit, *id.*, but in a later filing stated that her benefit was increased to the amount sought, Doc. 13 at 1, and so this claim for relief is moot.

have no other adequate means to attain the relief he desires'; (2) 'the petitioner must demonstrate that his right to the writ is clear and indisputable'; and (3) 'the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.'" *In re Off. of the Utah Att'y Gen.*, 56 F.4th 1254, 1258 (10th Cir. 2022) (quoting *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1187 (10th Cir. 2009)).

The SSA moves to dismiss the complaint, arguing that it fails to state a claim. Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief. "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). The court's consideration, therefore, is limited to determining whether the complaint states a legally sufficient claim upon which the court can grant relief. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

The complaint alleges that on December 6, 2024, an ALJ issued a fully favorable decision, granting Saenz disability benefits. Doc. 1 ¶ 7. Despite this ruling, Saenz asserts that she has not received backpay benefits. *Id.* ¶ 8. Saenz cited and attached to her complaint the SSA notice of decision. *Id.* at 5. As such, the Court considers it when considering whether the complaint states a claim. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) ("In addition to the complaint, [when deciding a motion to dismiss] the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and

the parties do not dispute the documents' authenticity."). The notice from the ALJ indicates that Saenz did receive a fully favorable decision. *Id.* at 1.

However, the notice goes on to explain that "[a]nother office will process [the ALJ's] decision and decide if [Saenz] meet[s] the non-disability requirements for Supplemental Security Income payments. That office may ask [Saenz] for more information." *Id.*; *see also id.* at 8 (ALJ favorable disability decision, providing that "[t]he component of the Social Security Administration responsible for authorizing supplemental income will advise the claimant regarding the nondisability requirements for these payments"). As the SSA explains, a person is eligible for SSI benefits if they meet the regulatory requirements, including being disabled *and* having limited income and resources. *See* 42 U.S.C. § 1382(a); 20 C.F.R. § 146.1100 ("You are eligible for supplemental security income (SSI) benefits if you are an aged, blind, or disabled person who meets the requirements described in subpart B and who has limited income and resources. Thus, the amount of income you have is a major factor in deciding whether you are eligible for SSI benefits and the amount of your benefit."). !

Fatal to Saenz's complaint, she does not allege that she provided the requested information in order to meet the non-medial requirements for backpay. Thus, under prong two of the mandamus requirements, the complaint does not demonstrate that Saenz has a clear and indisputable right to a writ of mandamus, i.e., an order compelling the SSA to provide backpay.

In response to the motion to dismiss, Saenz attempts to provide information as to her income. Doc. 25 at 4-5; Doc. 30 at 3-4. Even so, the complaint does not allege that she provided this information to the SSA in order for it to evaluate the nonmedical criteria for SSI backpay. Indeed, the SSA asserts that "in the event the agency is ultimately able to obtain necessary information from Plaintiff about her income and resources, and Plaintiff's signature certifying

the accuracy of such information, it would proceed to process any entitlement to backpay in the normal course of business." Doc. 24 at 11 n.18.

Because I recommend finding that Saenz has not alleged facts that support an entitlement to a writ of mandamus for backpay, I also recommend that the Court deny Saenz's motion to compel backpay, in which she makes the same arguments as those in the complaint. Doc. 14; *see also* Doc. 13 (Saenz's opening briefing, arguing the same).

**RECOMMENDATION**

For the reasons discussed above, I recommend that the Court rule as follows:

- DENY AS MOOT Plaintiff's Emergency Motion to Reinstate Supplemental Security Income Payments (Doc. 31);
- DENY AS MOOT Plaintiff's Emergency Motion for Immediate Reinstatement of SSA Benefits and Medicaid Based on Medical Necessity and Due Process Violations (Doc. 33);
- DENY AS MOOT Plaintiff's Motion for Status Conference and Request for Prompt Judicial Action on Pending Motions (Doc. 32);
- GRANT Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 24);
- DENY Plaintiff's Motion to Compel Payment of Backpay (Doc. 14) and the relief requested in Plaintiff's Opening Brief (Doc. 13).

Steven C. Yarbrough
United States Magistrate Judge